E-FILED
Monday, 28 September, 2026 04:28:28 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-cv-3200 |
| ANN GILLESPIE, in her official capacity as Director of the Illinois Department of Insurance, and ILLINOIS DEPARTMENT OF INSURANCE, | ) | The Honorable Colleen R. Lawless |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO**
**RECONSIDER, MODIFY AND/OR CLARIFY**
**<u>THE COURT'S PRELIMINARY INJUNCTION RULING</u>**

Defendants Ann Gillespie, in her official capacity as Director of the Illinois Department of Insurance, and the Illinois Department of Insurance ("IDOI"), by their attorney Kwame Raoul, Illinois Attorney General, hereby respectfully move that the Court reconsider, modify, and/or clarify aspects of its August 31, 2026 ruling on Plaintiff's Motion for Preliminary Injunction (Dkt. 34). In support of this motion, Defendants state as follows:

## <u>INTRODUCTION</u>

Under 215 ILCS 5/513b1.1 of the Prescription Drug Affordability Act, Pharmacy Benefit Managers were to begin reporting by September 1, 2026. With less than two months to go before that deadline, Plaintiff Pharmaceutical Care Management Association ("PCMA") brought a preliminary injunction motion to enjoin that September 1 deadline. Because of the pressure to synthesize the issues and facts for a preliminary injunction ruling in this complex case, the Court made clear errors of law warranting reconsideration and other relief. A proper motion to reconsider "allows a party to direct the district court's attention to … a manifest error of law or fact, and

enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The Court may alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and also has the inherent power to modify interlocutory orders before final judgment. *See* Fed. R. Civ. P. 54(a); Fed R. Civ. P. 59(e); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). "[J]udges are not omniscient, and even the most gifted make mistakes." *Foodworks USA, Inc. v. Foodworks of Arlington Heights, LLC*, No. 10 C 1020, 2012 U.S. Dist. LEXIS 170802, at *7 (N.D. Ill. Dec. 3, 2012) (quotation omitted); *see also Fujisawa Pharm. Co., Ltd. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997) ("[A]ll judges make mistakes."). "[I]n any given opinion, a court can misapprehend the facts or even overlook important facts or controlling law"; thus, "motions for reconsideration can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy." *Foodworks USA, Inc.*, 2012 U.S. Dist. LEXIS 170802, at *7 (quotations omitted). Reconsideration, modification, and clarification are appropriate here for several reasons.

First, although Defendants established (and Plaintiff did not argue otherwise) that injunctive relief cannot be directed against IDOI because such relief is barred by the Eleventh Amendment, the Court enjoined both IDOI and Director Gillespie. Accordingly, Defendants ask that the Court reconsider or modify its order so that IDOI is not enjoined.

Second, the Court misapprehended *Central States, Southeast & Southwest Areas Health & Welfare Fund v. McClain*, --- F.4th ----, No. 25-2727, 2026 U.S. App. LEXIS 26067, at *14-17 (7th Cir. Aug. 26, 2026). In this decision, issued just three business days before the Court's ruling, the Seventh Circuit upheld an Arkansas reporting requirement for PBMs using reasoning that supports denying a preliminary injunction here. Because the Act's reporting requirements are necessitated by the predominate and substantive provisions of the Act, *Central States*' holding and

rationale contradicts a finding that Plaintiff is likely to succeed on the merits of its claims. For this reason, Defendants ask that the Court reconsider its preliminary injunction ruling in its entirety.

Third, the preliminary injunction ruling did not consider all of Defendants' arguments, and some additional issues have arisen due to the language of the preliminary injunction order. The preliminary injunction did not except reporting that is necessary to the Act's cost regulation, reporting that Plaintiff expressly noted it was not seeking to enjoin. Defendants therefore ask the Court to modify its preliminary injunction to except 215 ILCS 5/513b1.1(a)(1)(B)'s requirement to report "the total number of covered individuals and number of Illinois residents who are covered individuals." Moreover, at least one of Plaintiff's members have claimed they need not pay the fee set forth in 215 ILCS 5/513b2(f), and Defendants request that the Court clarify that this fee is not enjoined.

Next, a PCMA member has taken the position that a previously filed report should be returned. Defendants believe this position is incorrect but seek clarification.

Finally, PCMA's membership is unclear and more extensive than Plaintiff indicated. Defendants request clarification from the Court as to whether subsidiaries of PCMA's members are included within the scope of its order, and if so, request that the Court order Plaintiff's counsel to promptly provide a complete list of such subsidiaries.

## <u>ARGUMENT</u>

### I. The Court erred in subjecting the IDOI to injunctive relief.

Defendants responded to Plaintiff's motion in part by emphasizing that "the IDOI, an agency of the State of Illinois, "*is* the state for purposes of the eleventh amendment," *Kroll v. Board of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991), and ERISA does not abrogate the State's Eleventh Amendment immunity. *Darne v. Dep't of Rev.*, 137 F.3d 484, 488 (7th Cir.

1998).” Dkt. 24 at 17; **Exhibit A**, Transcript of July 28, 2026 Hearing, at 37:11-14. Because the State of Illinois and its agencies are immune from suit, IDOI is not a proper Defendant, and injunctive relief cannot be directed against it. Plaintiff did not refute this argument, implicitly conceding that it is correct. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (“Failure to respond to an argument . . . results in waiver.”).

But without even mentioning Defendants’ argument, the Court entered injunctive relief against IDOI. Dkt. 34 at 19-20. Such relief violates the Eleventh Amendment and warrants reconsideration and modification. *See Puerto Rico Aqueduct & Sewer Auth v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 145-46 (1993) (explaining that *Ex Parte Young* exception permits suits seeking prospective relief “against state officials” for official conduct but “has no application in suits against the States and their agencies, which are barred regardless of the relief sought”) (citations omitted). Moreover, although Defendants argued that IDOI ultimately should be dismissed as a party, Dkt. 24 at 17, they did not, given the timing, timeline, and context of their response to the motion for preliminary injunction,[1] stress that Plaintiff invokes 42 U.S.C. § 1983 as the basis for its cause of action, and the IDOI is not a “person” subject to suit under § 1983. *See, e.g.*, *Thiele v. Bd. of Trs. of Ill. State Univ.*, 35 F.4th 1064, 1066 (7th Cir. 2022) (“[S]tates and their agencies are not ‘persons’ for the purpose of § 1983”). This provides another ground for the Court to modify the injunction to exclude the IDOI.

## II. The Court misapplied *Central States*.

Just before this Court issued its ruling on the eve of the reporting requirement’s September 1 initial reporting date, the Seventh Circuit upheld an Arkansas PBM reporting provision in *Central States*, 2026 U.S. App. LEXIS 26067. Although the Court addressed that opinion in its

[1] Defendants have not yet responded to Plaintiff’s complaint.

preliminary injunction ruling (Dkt. 34 at 10-11), its analysis was brief and omits the Seventh Circuit's key reasoning. In its analysis of the Arkansas reporting requirement, the Seventh Circuit found no plausible allegation that ERISA preempted it, *Central States*, 2026 U.S. App. LEXIS 26067, at *12, despite the plaintiff's invocation of *Gobeille v. Liberty Mutual Insurance Company*, 577 U.S. 312 (2016). The Seventh Circuit reasoned that *Gobeille* could not be read to preempt all state reporting requirements on PBMs, because such a reading "would necessarily undercut the states' ability to do exactly what *Rutledge* [*v. Pharmaceutical Care Management Association*, 592 U.S. 80 (2020)] allows[,]" and because *Gobeille* itself had excepted "incidental reporting requirements" necessitated by state laws. *Central States*, 2026 U.S. App. LEXIS 26067, at *12-15. The Seventh Circuit emphasized that that the reporting requirements were not "more exhaustive than necessary" to serve a purpose of "greater importance," that *Rutledge* had "blessed 'cost regulations,'" and that the plaintiff had not contested that the Arkansas reporting provision was necessitated by a dispensing fee requirement of the law. *Id*. at *14-17. *Central States* thus made clear that, to prevail on its preemption challenge to the Act's reporting requirements, Plaintiff must show that each challenged reporting requirement is either unnecessary or more exhaustive than necessary to effectuate a non-preempted provision of the Act. Plaintiff did not carry its burden to show that it was likely to succeed on the merits of that claim, as necessary to obtain preliminary injunctive relief.

Indeed, Defendants argued that the reporting requirements of the Prescription Drug Affordability Act "fall within the space left open by" *Rutledge* and *Gobeille* (**Ex. A** at 35:4-5) and explained in detail how each reporting requirement connects with substantive components of Illinois' Prescription Drug Affordability Act. *Id*. at 30:21-34:5; *see also* **Exhibit B**, Chart of PDAA

Reporting Requirements and Substantive Underpinnings.[2] As illustrated and explained in Exhibit B, every reporting provision of the Act serves a purpose of "greater importance" than mere reporting for reporting's sake. *See Central States*, 2026 U.S. App. LEXIS 26067, at *15.

This point warrants reconsideration, especially when paired with *Central States*' emphasis that "Rutledge blessed 'cost regulations,'" *see id*. at *16, which is consistent with Defendants' argument that a segment of § 5/513b1.1's required reporting is necessary to enforce a statutory tax. *See* Dkt. 24 at 14. As Defendants explained, § 5/513b1.1(a)(1)(B) requires reporting of the number of covered individuals and number of Illinois residents who are covered individuals, which PBMs have already been reporting, *see* §§ 5/513b2(f), and which is necessary for the state's enforcement of its related fee upon Illinois residents that are covered individuals. The Seventh Circuit expressly "reject[ed the argument] that *Rutledge*" would "bless[ ]" such "'cost regulations' . . . only for *Gobeille* to make it impossible . . . to enforce" them. *Central States*, 2026 U.S. App. LEXIS 26067, at *16. Accordingly, the Court should have individually analyzed each item to be reported for consistency with *Central States*, *Rutledge*, and *Gobeille*.

The mere fact that § 5/513b1.1's reporting requirements are "more extensive" than reporting provisions upheld in other cases, *see* Dkt. 34 at 16, fails to establish that they are "more exhaustive than necessary or burdensome beyond an 'incidental nature.'" *See Central States*, 2026 U.S. App. LEXIS 26067, at *15. This point is especially important given that Defendants have explained the base(s) for each facet of reporting. *See* Ex. B (illustrating bases for each reporting element). As demonstrated in Exhibit B, the reporting elements are necessary and incidental to

[2] Although Defendants were working to compile a chart at the time of their preliminary injunction response, they were unable to provide it with their response due both to the tight deadlines in the preliminary injunction briefing schedule and space limitations; they did, however, present the substance of the chart to the Court in oral argument on July 28, 2026. The chart is attached to this motion for the convenience of the Court.

substantive provisions of the Act, most of which are not challenged in this case, and none of which were challenged in the motion for preliminary injunction. Those substantive provisions:

- Provide for classification and verification of generic and specialty drugs, *see* § 5/513b1(c)(1), (f-20);
- Ban spread pricing, *see* § 5/513b1(f-5);
- Prohibit steering, *see* § 5/513b1(f-10);
- Require remission of rebates as specified, *see* § 5/513b1(f-15); and
- Set minimum standards for contracts between plans § 5/513b1(b), (f-25).

While the connection between most of the data points and the substantive provisions is obvious, some data points must be combined for statutory enforcement to work as envisioned by lawmakers. For example, the information under § 5/513b1.1(a)(8) and (9) will be used in combination with data regarding manufacturer copayment assistance, total out-of-pocket spending per de-identified covered individual per drug transaction, and other data points to validate deviations from the out-of-pocket amounts that would be expected if all rebates are passed on to the covered individual or health benefit plan. The amounts paid to brokers, consultants, advisors, and others for referrals, consideration, or retention will also be used in determining whether rebates are being passed on to plans and individuals. Because Central States was released just days before the Court reached its decision, the Court misapprehended and misapplied *Central States*, and reconsideration (or at the very least, modification to exclude the cost regulation component of reporting and the reporting items that are not more exhaustive than necessary or burdensome beyond an incidental nature) of the injunction is warranted for judicial accuracy. *See, e.g., Primesource Bldg. Prods. v. Felten*, No. 16 C 11468, 2018 U.S. Dist. LEXIS 234489, at *9-11 (N.D. Ill. Mar. 8, 2018) (granting motion to reconsider preliminary injunction relief due to manifest error of law).

## III. The Court did not address some aspects of Defendants' arguments, and some issues have arisen from the Court's order.

In their preliminary injunction response, Defendants argued that the Court should except from any injunctive relief the number of covered individuals and number of Illinois residents who are covered individuals, *see* § 5/513b1.1(a)(1)(B), because the fee set forth in § 5/513b2(f) hinges upon that information being provided. *See* Dkt. 24 at 14; **Ex. A** at 29:21-30:6, 31:17-20. Section 5/513b2(f) requires PBMs to pay $15 to the IDOI for each Illinois resident covered individual "across all health plans the [PBM] administers." And beginning on September 1, 2026, "payments submitted under" § 5/513b2(f) "**shall be based on the number** of Illinois residents who are covered individuals **reported to the Department in Section 513b1.1[(a)(1)(B)]**." 215 ILCS 5/513b2(f) (emphases added).

In its reply brief, Plaintiff conceded that § 5/513b1.1(a)(1)(B)'s reporting requirement "is . . . relevant to the collection of a tax" and declared that it "**does not seek to enjoin 215 ILCS 5/513b1.1(a)(1)(B)'s requirement** to report 'the total number of covered individuals and number of Illinois residents who are covered individuals.'" Dkt. 30 at 7 n.4 (emphasis added). The Court acknowledged in its opinion that PCMA was not seeking to enjoin 215 ILCS 5/513b1.1(a)(1)(B). Dkt. 34 at 15n.1. Nevertheless, without analyzing the statutory text or explaining why it was awarding injunctive relief despite Plaintiff's capitulation on the issue, the Court held that the "PDAA's Reporting Requirement is not necessary for Illinois to enforce a fee requirement" and enjoined that reporting requirement along with the rest of § 513b1.1. Dkt. 34 at 14. Since then, at least one PBM has taken the position that it need not pay the § 5/513b2(f) fee because of the injunction. *See* **Exhibit C** (email from Serve You Rx). Accordingly, Defendants request that the Court modify its preliminary injunction order to clarify that the reporting requirement of 215 ILCS 5/513b1.1(a)(1)(B) and the fee set forth in § 5/513b2(f) is not enjoined.

Moreover, a PCMA member has taken the position that a § 5/513b1.1 report that it submitted to IDOI before the Court issued an injunction in the early evening of August 31, 2026, should be returned to it. But "an injunction is a forward-looking remedy." *Swanigan v. City of Chi.*, 881 F.3d 577, 583 (7th Cir. 2018). A report submitted prior to entry of the injunction is not affected by the later-entered injunction. To avoid any perceived failure to follow this Court's order, however, Defendants request clarification from the Court on that issue.

Finally, Defendants emphasized that they would need a list of PCMA's members if injunctive relief were awarded. The Court entered injunctive relief preventing enforcement of § 5/513b1.1 "against Plaintiff's members," Dkt. 34 at 20, but did not direct Plaintiff to identify its members. Plaintiff had repeatedly stated that it had twenty-one members. *See* Dkt. 25-1 at 15**;** **Ex. A** at 40:18. On the morning of September 1, 2026, defense counsel requested from Plaintiff's counsel a list of PCMA members. *See* **Exhibit D**, emails between defense counsel and Plaintiff's counsel, at 2. At defense counsel's repeated inquiry, on September 4, 2026, Plaintiff's counsel indicated that she was still gathering them; she directed defense counsel to the list of twenty members on PCMA's website, with the caveat that the website "does not include the member subsidiaries and d/b/as." *See id.* at 1. More than two weeks after the Court's order, Plaintiff's counsel finally supplied a list, which identifies twenty-eight entities, more than a third of which counsel was still "nailing down legal names . . . for." *Id*. at 5-6. On September 23, 2026, Plaintiff's counsel emailed nine "additional entity names that are PCMA members." *See id.* at 4-5. Plaintiff's counsel did not specify whether some or all of those names were intended to supplant some of the highlighted names previously highlighted as under review. Accordingly, defense counsel requested an updated complete list of PCMA members, which, as of the time this motion was finalized, had not been received. *Id*. at 4.

Plaintiff did not request injunctive relief on behalf of members' subsidiaries, and the Court did not specify that member subsidiaries were covered by its order. Defendants request clarification from the Court as to whether "subsidiaries" are included within the scope of its order, and if so, request that the Court order Plaintiff's counsel to promptly provide a complete list of such subsidiaries.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court reconsider, modify, and/or clarify its preliminary injunction.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Deborah M. Beltran
Deborah Morgan Beltran
Catharine Debelle
Assistant Attorneys General
Office of the Illinois Attorney General
Government Representation Division
115 South LaSalle Street
Chicago, Illinois 60603
773-519-1757
312-720-5450
deborah.beltran@ilag.gov
catharine.debelle@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of Defendants' Motion to Reconsider, Modify, and/or Clarify the Court's Preliminary Injunction Ruling to be filed using the CM/ECF filing system, for electronic service upon the parties of record on this 28th day of September, 2026.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Deborah M. Beltran
Deborah Morgan Beltran
Catharine Debelle
Assistant Attorneys General
Office of the Illinois Attorney General
Government Representation Division
115 South LaSalle Street
Chicago, Illinois 60603
773-519-1757
312-720-5450
deborah.beltran@ilag.gov
catharine.debelle@ilag.gov